```
        IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

EDMUND AWAH                      *
                                 *
          v.                     *    Civil Action WMN-09-CV-1044
                                 *
BOARD OF EDUCATION OF            *
BALTIMORE COUNTY                 *

    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss. Paper No. 9. The motion is fully briefed.[1] Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the Motion will be denied in part and granted in part.

This action arises out of Plaintiff's resignation from teaching at Lansdowne High School. Plaintiff alleges that he resigned due to harassing and humiliating discriminatory conduct by Defendant's employees. Plaintiff raises two counts in relation to the factual allegations: Discrimination under Title VII and Wrongful Discharge.

Prior to bringing suit here, Plaintiff filed suit in state court alleging that Defendant failed to pay him unemployment benefits and the appropriate salary. Awah v. Baltimore County

---

[1] Plaintiff moved for leave to file a sur-reply, Paper No. 21, which was also fully briefed, and will be denied as the Court finds it unnecessary to rule on the Motion to Dismiss.

1

Board of Education, No. 0804-0002953-2009 (Md. D. Ct. Mar. 13, 2009).  The state court dismissed Plaintiff's claims with prejudice.  Id.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, . . . , to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  "Detailed factual allegations" are not required, but allegations must be more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action[.]" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[O]nce a claim has been stated adequately," however, "it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 550 U.S. at 563.  In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff.  Ibarra v. United States, 120 F.3d

2

472, 474 (4th Cir. 1997) (citing Little v. Federal Bureau of Investigation, 1 F.3d 255, 256 (4th Cir. 1993)).

## III. DISCUSSION

Defendant raises two arguments in support of its motion to dismiss.[2] The first is that Plaintiff's claims are barred by res judicata, arguing that Plaintiff's discrimination claims should have been brought at the same time as his state court claims. Defendant also argues that even if Plaintiff's Complaint is not barred by res judicata that the tort of wrongful discharge is barred because he has a statutory remedy.

## A.   Res Judicata

The res judicata, or claim preclusion, standards to be followed in this action are those employed by Maryland courts because the previous lawsuit relied upon by Defendant was in a Maryland state court. Laurel Sand and Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) ("Generally, the preclusive effect of a judgment rendered in state court is determined by

---

[2] Defendant also posits that Plaintiff's Complaint may be construed to claim a violation of 42 U.S.C. § 1983 as it is mentioned as one of the grounds for federal court jurisdiction; although it is not raised as an individual count.  Defendant argues that if Plaintiff is raising such a claim that it must fail because under Maryland law a school board is a state agency that is not subject to 42 U.S.C. § 1983.  Plaintiff responded to Defendant's argument by moving to amend his Complaint to remove the statement that this Court had jurisdiction under 42 U.S.C. § 1983.  Paper No. 16.  As Defendant did not oppose Plaintiff's motion, and appears to support it, Plaintiff's motion for leave to amend the Complaint will be granted and Defendant's Motion to Dismiss the § 1983 claim will be denied as moot.

the law of the state in which the judgment was rendered."). Under Maryland law, to establish res judicata the following three elements must be established: 1) "the parties in the present litigation are the same or in privity with the parties" to the earlier litigation; 2) "the claim presented in the current action is identical to the one determined in the prior [litigation];" and 3) there was a final judgment on the merits in the prior litigation. Id. (citing Anne Arundel County Bd. of Educ. v. Norville, 887 A.2d 1029, 1037 (Md. 2005)).

Elements one and three are clearly satisfied, leaving only the question of whether the claims presented here are identical to the claims adjudicated in the state court action. Here the parties are identical to those in the previous suit and the Plaintiff concedes this point. In addition, the prior case was dismissed with prejudice. In Maryland, a dismissal with prejudice in a state court constitutes a final judgment on the merits. Church v. Maryland, 180 F. Supp. 2d 708, 748 (D. Md. 2002) (citations omitted). Defendant argues that because Plaintiff could have brought the claims currently at issue at the same time as the previous state court claims and because both suits relate to Defendant's resignation they are identical for res judicata purposes and must be dismissed. The Court disagrees.

4

In Maryland, the test to determine the identity of claims is "whether the same evidentiary facts would sustain both suits." Kutzik v. Young, 730 F.2d 149, 151-52 (4th Cir. 1984) (citing MPC, Inc. v. Kenny, 367 A.2d 486, 489 (Md. 1977)). "Under that test, two suits constitute the same cause of action if they rely on the same facts, even though the legal theories on which recovery is based or the remedies sought are different." Id. at 152 (citing Mettee v. Boone, 247 A.2d 390, 394-95 (Md. 1968)).

Here, the same evidentiary facts would not sustain both suits. The state court litigation involved claims relating to 1) "refusal to pay unemployment benefits;" and 2) "shortfall in Plaintiff's salary." Plaintiff made no allegations that these claims stemmed from discrimination by Defendant. Instead, both of Plaintiff's state court claims relate to statutory or contractual issues relating to how much money Defendant owed to Plaintiff subsequent to his resignation regardless of how Defendant treated Plaintiff while he was employed. Plaintiff's claims in this suit, on the other hand, stem from his allegations of employment discrimination based on harassing and humiliating conduct on the part of Defendant's employees. While Plaintiff's resignation is relevant to both his state court claims and the claims here, the primary facts at issue here relate to discriminatory conduct and not to contractual issues

5

as in the state court suit.  Thus, the claims are not identical under Maryland law for res judicata purposes and Plaintiff's claims are not barred on that ground.  Defendant's motion to dismiss on the grounds of res judicata will therefore be denied.

**B.   Wrongful Discharge**

Maryland courts recognize a cause of action against an employer for wrongful discharge "of an at-will employee when the motivation for the discharge contravenes some clear mandate of public policy."  Parlato v. Abbott Laboratories, 850 F.2d 203, 205 (4th Cir. 1988) (citing Adler v. American Standard Corp., 432 A.2d 464, 473 (Md. 1981)).  A common law tort action for wrongful discharge cannot lie, however, where "there is a specific statutory procedure and remedy for the redress of" the kind of conduct alleged.  Id. at 206-07 (citing Makovi v. Sherwin-Williams Co., 540 A.2d 494, 495 (Md. 1988)).  Here, Plaintiff's factual allegations all relate to employment discrimination based on race and national origin, which are covered by Title VII, 42 U.S.C. § 2000e et seq., the basis for Plaintiff's other claim.  Because Plaintiff has a statutory remedy for his alleged wrongful discharge under Title VII, his claim cannot lie.  See id. at 206.  Thus, Defendant's motion to dismiss as to Plaintiff's wrongful discharge claim will be granted.

6

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's wrongful discharge claim (Count II) will be dismissed.  Plaintiff will be permitted to proceed on this Title VII claim (Count I).  A separate order will issue.

```
                      _____/s/_____
                      William M. Nickerson
                      Senior United States District Judge
```

November 18, 2009