IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH                          *
                                     *
          v.                         *          Civil Action WMN-09-CV-1044
                                     *
BOARD OF EDUCATION OF                *
BALTIMORE COUNTY                     *

     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM

     Defendant filed a motion to dismiss in this case based on,
among other arguments, res judicata.  Paper No. 9.  The Court
denied Defendant's motion as to the res judicata argument.
Paper No. 26.  Defendants now bring this motion for
reconsideration, Paper No. 27, on the ground that the decision
was based on an error of law.  Upon review of the motion, the
Court determines that no hearing is necessary (Local Rule 105.6)
and the Motion will be denied.  The facts of this case have been
summarized in the Court's previous memorandum, Paper No. 25, and
will not be recounted here.

     In this Court's rejection of Defendant's res judicata
argument, it relied upon the test for res judicata found in Anne
Arundel County Board of Education v. Norville, 887 A.2d 1029,
1037 (Md. 2005).  The Court cited to Laurel Sand and Gravel,
Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) for the
proposition that the test found in Norville was the appropriate
test.  The test for res judicata found in Norville is 1) "the

1

parties in the present litigation are the same or in privity with the parties" to the earlier litigation; 2) "the claim presented in the current action is identical to the one determined in the prior [litigation];" and 3) there was a final judgment on the merits in the prior litigation.  Norville, 887 A.2d at 1037.

Defendant argues, however, that "[t]he res judicata standard in Norville is not current or accurate precedential authority, because it fails to recognize the long-held judicial practice that res judicata bars claims that could have or should have been brought in the initial lawsuit."  Instead, Defendant argues that the Court should have applied the res judicata standard found in R & D 2001, LLC v. Rice, 938 A.2d 839, 848 (Md. 2008).

The test to which Defendant refers has the same first and third elements, but it is the second element relating to the identity of claims that is different.  R & D 2001 changed the second element of the res judicata test to read "the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation."  Id. (emphasis added by Defendant).  Defendant then quotes from R & D 2001 that "'[t]he doctrine of . . . res judicata bars the relitigation of a claim if there is a final judgment in a previous litigation where the parties, the subject

matter and causes of action are identical or substantially identical as to the issues actually litigated <u>and as to those which could have or should have been raised in the previous litigation</u>.'" <u>Id.</u> (emphasis added by Defendant). What Defendant fails to note in its memorandum is that <u>R & D 2001</u> quoted this statement from <u>Norville</u>. <u>Id.</u>

Nowhere in <u>R & D 2001</u> does the court state or give any indication that it is intending to replace the res judicata standard set out in <u>Norville</u>.[1] Nor does the court provide any explanation for the different language used to describe the second element or how the new language is to be applied. Perhaps this lack of explanation is because the court did not apply, or rely upon the second element in <u>R & D 2001.</u> Rather, the court's decision turned on the fact that there had not been a final judgment in the previous action. <u>Id.</u> at 850. The only reference as to why the court altered the language of the second element is the quote from <u>Norville</u> regarding claims that "could have or should have been raised in the previous litigation." <u>Id.</u> at 848. Rather than articulate a new standard then, it appears that the <u>R & D 2001</u> court intended only to clarify the already existing idea of what it means to be an identical claim

---

[1] The court notes also that <u>Laurel Sand & Gravel</u> was decided two months after <u>R & D 2001</u> yet still applied the test as delineated in <u>Norville</u>.

for res judicata purposes based on the court's discussion in

Norville.  This Court concludes that it must look to Norville to

correctly interpret the language used in R & D 2001.

In Norville, the "could have or should have" quote

summarizes that court's description of res judicata in Lizzi v.

Washington Metropolitan Area Transit Authority, 862 A.2d 1017,

1022 (Md. 2004).

> "Res judicata literally means 'a thing adjudicated,'
> and generally indicates 'an affirmative defense
> barring the same parties from litigating a second
> lawsuit on the same claim, or any other claim arising
> from the same transaction or series of transactions
> and that could have been – but was not - raised in the
> first suit.'  BLACK'S LAW DICTIONARY 1336-37 (8TH ed.
> 2004).  See Alvey v. Alvey, 225 Md. 386, 390, 171 A.2d
> 92, 94 (1961) (stating that 'the doctrine of res
> judicata is that a judgment between the same parties
> and their privies is a final bar to any other suit
> upon the same cause of action, and is conclusive, not
> only as to all matters that have been decided in the
> original suit, but as to all matters which with
> propriety could have been litigated in the first
> suit'); see also Mackall v. Zayre Corp., 293 Md. 221,
> 228, 443 A.2d 98, 102 (1982) (stating that 'if a
> proceeding between parties involves the same cause of
> action as a previous proceeding between the same
> parties, the principle of res judicata applies and all
> matters actually litigated or that could have been
> litigated are conclusive in the subsequent
> proceeding')."

Norville, 887 A.2d at 1036-37 (quoting Lizzi, 862 A.2d at

1022).

After referencing the discussion in Lizzi, the court goes

on to delineate the res judicata elements under both Maryland

law and federal law.  Id. at 1037-38.  The court points out that

4

the elements under federal law are analogous to the elements under Maryland law and concludes that "[w]hether the final judgment is pronounced by a federal court or a state court, its preclusive bar extends to any theory arising out of the same claim." Id. at 1038.  The court then states that Maryland courts have adopted the transactional test of the Restatement (Second) of Judgments § 24 to address cases in which "'the second court must determine whether the matter currently before it was fairly included within the claim or action that was before the earlier court and could have been resolved in that court.'"  Norville, 887 A.2d at 1038 (quoting FWB Bank v. Richman, 731 A.2d 916, 927 (Md. 1999)).

The transactional test under the Restatement (Second) of Judgments § 24 states as follows:

> "What factual grouping constitutes a 'transaction' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

Id.  The cases to which the Norville court cites for the proposition that Maryland has adopted the transactional test indicate that the test is similarly applied whether the first case is in Maryland state court or in federal court.  See Norville, 887 A.2d at 1038 (citing FWB Bank, 731 A.2d at 927-28

5

(federal); <u>Gertz v. Anne Arundel County</u>, 661 A.2d 1157, 1161

(1995) (Maryland state); <u>Kent County Bd. of Educ. v. Bilbrough</u>,

525 A.2d 232, 237-38 (1987) (federal)).  Thus, this Court

understands from <u>Norville</u> that the transactional test is to be

applied to determine the identity of claims for res judicata

purposes whether the first case is in a Maryland court or a

federal court.

As to just how broadly the transactional test may be

applied, Maryland courts have specifically disavowed Defendant's

contention that just because a claim <u>could</u> have been brought in

the state case that it necessarily must have been brought or be

barred by res judicata.

> [I]it is also clear that the scope of a cause of
> action for claim preclusion purposes is <u>not</u> as broad
> as the scope of permissible joinder under modern
> pleading codes.  Maryland Rule 2-303(c) permits a
> party to 'state as many separate claims or defenses as
> the party has, regardless of consistency and whether
> based on legal or equitable grounds."' . . . This
> joinder of claims liberality for pleading purposes,
> however, is permissive and not mandatory. To make the
> scope of "claim" co-extensive with permissive joinder
> of claims in pleadings would have the same effect as a
> mandatory joinder for pleading purposes of all claims
> which the original plaintiff has against any original
> defendant.

<u>Bilbrough</u>, 525 A.2d at 237.  While the Maryland Court of Appeals

decided <u>Bilbrough</u> well before <u>R & D 2001</u>, as with <u>Norville</u>, the

<u>R & D 2001</u> court provides no indication that it intended to

overturn the <u>Bilbrough</u> holding as to permissive claims.

A Seventh Circuit case particularly on point with the facts here and applying the transactional test held that a subsequent discrimination claim was not barred by res judicata when the only common fact between the plaintiff's first and second suits was the plaintiff's employment termination.  <u>Herrmann v. Cencom Cable Assoc., Inc.</u>, 999 F.2d 223, 224 (7th Cir. 1993).  In <u>Herrman</u>, the plaintiff had lost on summary judgment a claim against the defendant under the continuation of benefits provision (COBRA) of ERISA, 29 U.S.C. §§ 1161-68.  <u>Id.</u>  The district court held that her subsequently filed Title VII claim was barred by res judicata because it involved the same parties and arose from the same event, her termination, as the COBRA suit.  <u>Id.</u>  The Seventh Circuit disagreed and held that the subsequent discrimination claim was not barred by res judicata. The court found that while both claims had the plaintiff's employment termination in common, the Title VII claim was based on the conduct of the defendant leading up to the plaintiff's discharge, while the COBRA claim was based on the processing of her request for continued benefits after she was discharged. <u>Id.</u> at 227.  Thus, the court found that, despite the one common fact, the nearly complete lack of overlap of facts underlying the COBRA and the Title VII claims prevented the Title VII claim from being barred by res judicata.  <u>Id.</u>

Based on the Maryland courts' extensive discussion of what is meant by identity of claims for purposes of res judicata, this Court finds that the analysis of the Seventh Circuit is equally applicable here under Maryland law.  Plaintiff's prior state court claims for 1) "refusal to pay unemployment benefits;" and 2) "shortfall in Plaintiff's salary" and Plaintiff's current federal Title VII claim all arose because Plaintiff resigned, but otherwise share no common facts.  Both of Plaintiff's state court claims relate to statutory or contractual issues relating to how much money Defendant owed to Plaintiff subsequent to his resignation regardless of how Defendant treated Plaintiff while he was employed.  Plaintiff's claims in this suit, on the other hand, stem from his allegations of discriminatory harassment and humiliating conduct that occurred while employed by Defendant and which led to his resignation.

Thus, the claims are not identical under Maryland law for res judicata purposes and Plaintiff's claims are not barred on that ground.  Defendant's motion for reconsideration will therefore be denied.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

December 15, 2009