```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

EDMUND AWAH                    *
                               *
         v.                    *    Civil Action WMN-09-CV-1044
                               *
BOARD OF EDUCATION OF          *
BALTIMORE COUNTY               *

   *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Plaintiff's Motion to Amend Complaint, Paper No. 34, and Defendant Board of Education of Baltimore County's Motion to Dismiss or, in the Alternative, Motion to Strike Amended Complaint and Supplement, Paper No. 37. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's Motion to Amend will be granted in part and denied in part and Defendant's Motion to Dismiss or, in the Alternative, to Strike Amended Complaint will be granted in part and denied in part.

**I.   BACKGROUND**

Prior to Plaintiff's Motion to Amend, this Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's initial Complaint on November 18, 2009. Paper No. 26. In particular, the Court dismissed Plaintiff's wrongful discharge claim and granted Plaintiff's request to amend his Complaint to remove the statement that this Court had

jurisdiction under 42 U.S.C. § 1983.  Id.  Thus, Plaintiff remained only with a discrimination claim under Title VII. Plaintiff thereafter amended his complaint by removing the reference to § 1983 and the wrongful discharge claim, but now seeks to amend his Complaint further by adding additional factual allegations relating to his Title VII discrimination claim.  Plaintiff also moves to add to the Complaint the assertion of jurisdiction under 42 U.S.C. § 14141.

**II. STANDARD FOR GRANTING LEAVE TO AMEND**

As Plaintiff filed his amended pleading more than 21 days following Defendant's Service of its Motion to Dismiss and Defendant has not given permission to Plaintiff to file an Amended Complaint, Plaintiff has requested leave from this Court to amend his motion as required under Federal Rule of Civil Procedure 15(a).[1]  Courts are instructed to freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  "A

---

[1] Defendant contends that Plaintiff's pleading attached to his Amended Complaint titled "Supplemental to Amended Complaint" is not a supplemental pleading as defined under Rule 15(c) because it does not contain matters that occurred subsequent to the filing of the Complaint and must be considered as part of Plaintiff's Amended Complaint.  Although Defendant is correct, See Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002), Plaintiff's use of the word "supplemental" here appears to be nothing more than an inartful way to provide additional factual allegations that properly should have been included in the Amended Complaint itself.  In light of Plaintiff's pro se status, the Court considers Plaintiff's supplement as part of the Amended Complaint.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2

motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) (internal citations omitted).

### **III. DISCUSSION**

Although Defendant captioned its motion as one for dismissal or to strike, it is, in essence, a motion in opposition to Plaintiff's motion to amend. Defendant makes several arguments in opposition. The first is that Plaintiff's motion does not comply with Local Rule 103.6.c. The second is that the Court lacks subject matter jurisdiction to hear a 42 U.S.C. § 14141 claim. The third is that the amended facts to Plaintiff's Title VII claim exceed those asserted in his charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) and are thus barred due to a failure to exhaust his administrative remedy as to those facts. Defendant's final argument is that, because his amendments extend beyond removing the reference to § 1983, which this Court granted leave to do, the Amended Complaint is "impertinent" and should be struck under Federal Rule of Civil Procedure 12(f).

### **A. Federal Rule of Civil Procedure 12(f)**

The Court will address Defendant's fourth argument first. While Plaintiff's Amendments exceed this Court November 18, 2009, Order, they are not "impertinent." Plaintiff is allowed

3

to move for additional amendments pursuant to Rule 15(a).  Thus, this Court will deny Defendant's motion to the extent that it requests that this Court strike "violative portions of the Amended Complaint as impertinent" under Rule 12(f) and will not deny Plaintiff's motion to amend on that ground.

**B. Local Rule 103.6.c**

Defendant is correct, however, that Plaintiff did not comply with Local Rule 103.6.c, requiring that the motion to amend include "(1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type" unless otherwise ordered by the Court.  Plaintiff here filed a clean copy of his amended pleading, but did not file a copy demonstrating the changes to the Complaint.  Defendant argues that the motion to amend the Complaint should, therefore, be denied.  Defendant in his motion, however, provides a table to the court outlining each of the changes.  Thus, it does not appear that Defendant was prejudiced by Plaintiff's failure to provide the blacklined copy.  Moreover, as a <u>pro se</u> litigant, Plaintiff's pleadings are held to a less stringent standard than formal pleadings drafted by lawyers.  <u>Haines</u>, 404 U.S. at 520.  For these reasons, the Court will not deny Plaintiff's motion to amend on the basis of Local Rule 103.6.  Plaintiff is advised,

however, that the Court will expect compliance with Local Rule 103.6 going forward should Plaintiff seek any further amendments to pleadings.

**C.   Jurisdiction Under 42 U.S.C. § 14141**

As to Plaintiff's Amendment to his Complaint to assert that this Court has jurisdiction over this lawsuit because the action arises under 42 U.S.C. § 14141, the Court will grant Defendant's motion to strike.  It is unclear to this Court why Plaintiff included a reference to 42 U.S.C. § 14141 in the jurisdiction section of his Amended Complaint.  This statute permits the Attorney General of the United States to bring constitutional tort claims against government officials or employees with responsibility for administration of juvenile justice or incarceration of juveniles.  Not only does it not provide a private right of action, Plaintiff has not alleged any facts relating to the juvenile justice system.  Plaintiff does not dispute Defendant's contention.  Thus, to any extent Plaintiff was attempting to amend his Complaint to state a claim under 42 U.S.C. § 14141, the motion to amend is denied and the reference to 42 U.S.C. § 14141 will be stricken from the Amended Complaint.

**D.   Amended Facts Exceed Those Asserted in EEOC Charge**

Defendant's final argument in opposition to Plaintiff's Amended Complaint is that amended allegations to Plaintiff's

Title VII claim exceed those asserted in his charge of discrimination filed with the EEOC.  As a result, Defendant contends that Plaintiff has not exhausted his administrative remedies as to the amended allegations and the time for doing so has passed.  Defendant lists each of the amended allegations in Plaintiff's Complaint and explains how it is beyond the scope of Plaintiff's charge.

Defendant is correct that before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC and that the filed charge defines the subsequent scope of the plaintiff's subsequent right to institute a civil suit.  <u>Smith v. First Union Nat. Bank</u>, 202 F.3d 234, 247 (4th Cir. 2000).  The intention behind the exhaustion requirement is to provide notice to the employer of the alleged discrimination and the opportunity to administratively resolve discrimination claims.  <u>Chacko v. Patuxent Institution</u>, 429 F.3d 505, 510 (4th Cir. 2005).  In particular, the notice to the employer allows the employer "to voluntarily and independently investigate and resolve the alleged discriminatory actions."  <u>Id.</u>  "It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning."  <u>Id.</u>  Finally, once a charge has been filed, an agency-monitored settlement

6

procedure is initiated, which is quicker, less formal, less expensive, and less adversarial than a judicial procedure. Id.

Defendant implies that the allegations in the complaint must be identical to any allegations made in the EEOC charge in order for Plaintiff to have exhausted his remedies. The correct test, however, is whether the allegations in the complaint[2] "are reasonably related to [the plaintiff's] EEOC charge and can be expected to follow from a reasonable administrative investigation." Smith, 202 F.3d at 247. For example, if a plaintiff alleges discrimination on one basis, such as sex, and he introduces a second basis in formal litigation, such as age, the plaintiff's new claim will generally be barred. See Evans v. Technologies Applications & Service Co., 80 F.3d 954, 963 (4th Cir. 1996). Moreover, in Evans, the Court found that the plaintiff's EEOC charge contained only an allegation of denial of promotion on the basis of sex, but did not contain allegations of sexual harassment or claims of discrimination in pay or benefits. Id. Thus, the Fourth Circuit found that these additional claims were barred. Id.

In Chacko v. Patuxent Institution, the plaintiff filed three charges specifying three specific and discrete acts of

---

[2] Here, the allegations are those allegations included in the Amended Complaint since Defendant is not arguing that the allegations in the initial Complaint are outside the scope of the EEOC charge.

7

discrimination committed by supervisors.  Chacko, 429 F.3d at 511.  None of the alleged acts of harassment in the charges involved coworkers, national-origin epithets, or name calling.  Id.  The plaintiff did not indicate in the charge that the acts were ongoing.  Id.  At trial, however, the plaintiff primarily presented evidence of coworkers continually making derogatory national-origin remarks over the course of a twenty-year career, "and that supervisors did not discipline these coworkers, laughed at their comments, and may have joined them."  Id. at 510-11.  The Court found that "the administrative charges thus dealt with different time frames, actors, and conduct than the central evidence at trial."  Id. at 511.  Moreover, the court found that "a reasonable investigation of discrete instances of supervisor misconduct not involving name calling could not be expected to lead to a continuous pattern of nonsupervisory misconduct (sic) which did involve name calling."  Id. at 512.  In Chacko, the defendant's "EEOC coordinator and internal investigator . . . met with [the plaintiff] at least ten times to discuss his various in-house complaints, and he never raised the subject of national-origin epithets."  Id.  Thus, the Fourth Circuit concluded that "the administrative charges and the evidence at trial describe[d] two different cases, and that is precisely the sort of disjunction that the administrative complaint process is designed to avoid."  Id.

In Smith v. First Union Nat. Bank, on the other hand, the Fourth Circuit found that the acts of retaliation alleged by the plaintiff in her EEOC charge and in her complaint differed. Because both alleged retaliatory actions by the defendant's management due to her complaints about her supervisor, however, the Fourth Circuit found the allegations in the complaint to be reasonably related to her EEOC charge and would be expected to follow from an administrative investigation. Smith, 202 F.3d at 248. In Smith, the plaintiff's EEOC charge alleged that the defendant retaliated against plaintiff by chastising her and threatening to terminate her employment for consulting with counsel. Id. Her complaint, however, alleged that the defendant retaliated against her by forcing her to work on the discriminating supervisor's floor and by not offering her any other positions. Id.

Here, Plaintiff's Amended Complaint contains no new basis of discrimination – both the 2008 EEOC charge and the Amended Complaint allege race and national origin discrimination. The Amended Complaint also alleges no new allegations of discrimination, but simply elaborates on the allegations made in the 2008 charge. Thus, allegations in Plaintiff's Amended Complaint are reasonably related to his EEOC charge and would be expected to follow from an administrative investigation.

For example, in several instances, the primary difference between the allegation in the 2008 EEOC charge and the complaint was the lack of the name of the individual who made a statement or undertook an act.  In conducting a reasonable investigation, Defendant could have asked Plaintiff who the individual was that made the statement or did the act.  To state that it was not on notice of an allegation because the charge did not contain each individual's name (although it often contained a description of whether it was the chair of the department or another teacher) as Defendant has done here is disingenuous.  Moreover, Defendant allegedly received a detailed letter from Plaintiff in 2006 when he initially filed his charge containing the detailed allegations now included in his complaint.  Defendant cannot claim that it was not on notice of the details of the allegations or that the details were not available upon reasonable investigation when it could simply have looked in its own files.[3]

---

[3] Moreover, Plaintiff allegedly filed a more detailed charge in 2006, which the EEOC evidently lost, causing Plaintiff to file the less detailed 2008 charge.  Because a valid charge was filed with the EEOC containing the more detailed allegations, the EEOC's failure to fulfill its statutory duties regarding the 2006 charge would likely not preclude Plaintiff's Amended Title VII claim even though his second charge contained less detail.  See Edelman v. Lynchburg College, 300 F.3d 400, 404 (4th Cir. 2000) ("Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim.")

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend Complaint will be granted except that the reference to 42 U.S.C. § 14141 in the jurisdiction section will be stricken. Defendant's Motion to Dismiss or, in the Alternative, to Strike Amended Complaint will be denied except as to the reference to 42 U.S.C. § 14141. Plaintiff need not re-file the Amended Complaint as it will be deemed filed as of the date of this Memorandum and Order. A separate order will issue.

                _____/s/_____

                William M. Nickerson
                Senior United States District Judge

May 11, 2010