IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
EDMUND AWAH                    *
                               *
       v.                      *    Civil Action WMN-09-CV-1044
                               *
BOARD OF EDUCATION OF          *
BALTIMORE COUNTY               *

     *     *     *     *     *     *     *     *     *     *     *     *
```

**MEMORANDUM**

Defendant Board of Education of Baltimore County brings this Petition for Attorney Fees and Costs, Paper No. 65, in response to this Court's Order on June 10, 2010, granting Defendant's motion for sanctions. This Court will not repeat the facts behind the granting of Defendant's motion for sanctions except to identify that this Court found, pursuant to Federal Rule of Civil Procedure 37(d), that a sanction of "attorney's fees and costs incurred in connection with the two depositions at which Plaintiff failed to timely appear and the filing of the motion for sanctions" was warranted.

Defendant filed its petition on June 24, 2010. Although Plaintiff Edmund Awah's response to Defendant's Petition was due ten days following its filing, Plaintiff filed his response on July 30, 2010, three weeks after the Court ordered deadline. In response, Defendant filed a motion to strike Plaintiff's response. As Plaintiff has previously been made aware by this Court, Federal Rule of Civil Procedure 6(b)(1)(B) provides that

1

"[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Yet, Plaintiff's response is devoid of any explanation of excusable neglect as to why he did not timely file his response to Defendant's petition.  Therefore, Defendant's motion to strike Plaintiff's response will be granted.

Thus, Plaintiff's petition is ripe.  Upon review of the petition and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the Defendant's petition will be granted, although with an adjustment in the fees awarded.  Defendant's petition includes attorneys' fees for time spent 1) preparing for Plaintiff's first and second depositions, 2) placing Plaintiff's failure to appear on the record, 3) meeting with and corresponding with Plaintiff regarding his tardiness to the depositions and Defendant's intent to file for sanctions, 4) corresponding with Plaintiff to reschedule his deposition, and 5) preparing and filing the motion for sanctions.  In addition, Defendant attaches invoices for costs of the court reporting service used for both failed depositions.  The Court finds that the attorneys' fees charged are well within the lodestar rates as found in Appendix B of the Local Rules.  The time spent,

however, is excessive.  Generally, the time documented by Defendant is reasonable.  Had Defendant deposed Plaintiff, counsel would have had to prepare for the deposition, however, and its decision ultimately not to do so is not sanctionable against Plaintiff.  Therefore, the time spent on preparing for Plaintiff's initial deposition will not be awarded as sanctions against Plaintiff, although time spent in preparing for the second deposition will be.  Thus, the Court will reduce the award by 17.7 hours for Attorney Shani K. Whisonat at $185 per hour for a total reduction of $3,274.50.  After this reduction, the total sanctions awarded will include $4,786.50 in attorneys' fees and $405 for court reporter costs for a total award of $5,191.50.[1]

A separate order will issue.

_____/s/_____

William M. Nickerson
Senior United States District Judge

---

[1] The Court notes that Defendant's requested total of $8,473.00 in attorneys' fees and costs was miscalculated.  It alleged $8,061.00 in attorneys' fees and $405 in court reporter costs, which totals $8,466.00.  Thus, the Court's revised award also accounts for this $7 difference.